## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORLANDO AND PAULETTE ) | |
| DEJESUS, FATHER AND MOTHER ) | |
| AND NEXT OF KIN OF BLAISE ) | |
| DEJESUS, DECEASED, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 15-1065-SLR |
| ) | |
| THE STATE OF DELAWARE, et al., ) | |
| ) | |
| Defendants. ) | |

Daniel Charles Herr, Esquire of Law Office of Daniel C. Herr LLC, Wilmington, Delaware. Counsel for Plaintiffs.

Roopa Sabesan, Esquire of the Department of Justice, Wilmington, Delaware. Counsel for Defendants the State of Delaware, Lt. Todd Drace, Tiffani Starkey, and Sgt. John Kirlin.

Dana Spring Monzo, Esquire of White & Williams, Wilmington, Delaware. Counsel for Defendant Connections Community Support Programs, Inc.

**MEMORANDUM OPINION**

Dated:  September 28, 2016
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On November 17, 2015, Orlando and Paulette DeJesus ("plaintiffs"), parents and next of kin to Blaise DeJesus ("decedent"), commenced this civil action arising under the Eighth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983 and 1988, Title II to the Americans with Disabilities Act, and the statutory and common law of the State of Delaware against defendants the State of Delaware acting through the Delaware Department of Correction ("DOC"), correctional officers Lt. Todd Drace ("Drace"), Sgt. John Kirlin ("Kirlin"), and Tiffany Starkey ("Starkey") (collectively the "State defendants"), and DOC's medical and mental health contractor, Connections Community Support Programs, Inc. ("Connections") (collectively with the State defendants, "defendants"). Plaintiffs allege that the deliberate indifference by DOC and Connections to decedent's particular vulnerability to suicide violated the Americans with Disability Act ("ADA") and was a proximate cause of decedent's suicide while he was incarcerated at a DOC facility. (D.I. 1 at ¶¶ 46-59) Plaintiffs also assert that the correctional officer defendants violated the Eighth Amendment's proscription against cruel and unusual punishment. (*Id.* at ¶¶ 60-68) Finally, plaintiffs claim that the medical negligence of Connections and its employees and agents was a proximate cause of decedent's suicide. (*Id.* at ¶¶ 69-76)

On January 27, 2016, the State defendants moved to dismiss the complaint. (D.I. 9, 10) State defendants assert that plaintiffs did not overcome the requirements of qualified immunity and that the ADA claim fails to set forth a plausible claim because the DOC is entitled to sovereign immunity. Plaintiffs have filed their opposition with no

objection to dismissal of the ADA claim. (D.I. 11 at 6) Therefore, the ADA claim is deemed dismissed, and the court addresses only the issue of qualified immunity. The defendants have replied. (D.I. 12) The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## II. BACKGROUND[1]

On or about August 1, 2014, decedent, a long-term heroin user, was sentenced to attend the CREST addiction rehabilitation program. (D.I. 1) Decedent went directly from sentencing to the Central Violation Probation Center ("CVOP")[2] to await transfer to the CREST program.

During the medical screening part of intake into CVOP, decedent admitted to CVOP staff to having heroin and other drugs in his system, and to be suffering from withdrawal symptoms. (*Id.* at ¶ 16) In order for medical professionals to attend to decedent's withdrawal symptoms and detoxification, decedent was moved to the infirmary located in JTVCC. (*Id.* at ¶ 17)

Although decedent was still suffering physically and mentally from heroin and other drug withdrawal, he was discharged from the infirmary on or about August 5, 2014. (*Id.* at ¶ 22) Decedent was supposed to be transferred back to CVOP. (*Id.* at ¶ 21) Instead, an order was placed moving decedent to general inmate housing at

---

[1] The following facts are alleged in the complaint, which facts the court will accept as true for the purpose of deciding the pending motion. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(*citing Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993).

[2] CVOP is located next to the James T. Vaughn Correction Center ("JTVCC") in Smyrna, Delaware.

JTVCC. (*Id.*)  After discovering that decedent's brother was a correctional officer employed at JTVCC, the housing order was changed so that decedent would be housed in the Segregated Housing Unit ("SHU").  (*Id.* at ¶¶ 23-24)  Decedent was transferred to the SHU in the late afternoon/early evening hours of August 5, 2014.  (*Id.* at ¶ 25)

Drace and Kirlin escorted decedent to his cell in the SHU.  (*Id.* at ¶ 34)  Decedent begged Drace and Kirlin not to house him alone because he felt like he was suffering from withdrawal symptoms.  (*Id.* at ¶ 35)  Decedent said that he was concerned that he may hurt himself.  (*Id.*)  Drace and Kirlin took no meaningful action in response to decedent's statements and placed him in a cell in the SHU.  (*Id.* at ¶ 36)  Later, as Starkey conducted rounds, decedent begged Starkey not to continue to house him alone because he still felt like he was suffering from withdrawal symptoms and may hurt himself.  (*Id.* at ¶ 37)

DOC policies and procedures require that rounds be conducted every 30 minutes.  (*Id.* at ¶ 40)  Kirlin and Starkey did not conduct proper rounds every 30 minutes to check on inmates on the particular tier in which decedent was housed on August 5, 2014, instead performing rounds at intervals that exceeded 90 and 120 minutes.  (*Id.* at ¶¶ 40-42)  During an interval that exceeded 120 minutes, decedent hanged himself and died.  (*Id.* at ¶ 43)  No correctional officer walked by decedent's cell to check on him prior to decedent hanging himself.  (*Id.* at ¶ 45)

## III. STANDARD OF REVIEW

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  A complaint must contain

3

"a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a three-part analysis when reviewing a Rule 12(b)(6) motion. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d. Cir. 2016). In the first step, the court "must tak[e] note of the elements a plaintiff must plead to state a claim." Next, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." Lastly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (citations omitted).

Under *Twombly* and *Iqbal*, the complaint must sufficiently show that the pleader has a plausible claim. *McDermott v. Clondalkin Grp.,*, Civ. No. 15-2782, 2016 WL 2893844, at *3 (3d Cir. May 18, 2016). Although "an exposition of [the] legal argument" is unnecessary, *Skinner v. Switzer*, 562 U.S. 521 (2011), a complaint should provide reasonable notice under the circumstances. *Id.* at 530. A filed pleading must be "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," such that "the factual contents have evidentiary support, or if so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Anderson v. Bd. of Sch. Directors of Millcreek Twp. Sch. Dist.*, 574 F. App'x 169, 174 (3d Cir. 2014) (quoting Fed. R. Civ. P. 11(b)). So long as plaintiffs do not use "boilerplate and conclusory allegations" and

4

"accompany their legal theory with factual allegations that make their theoretically viable claim plausible," the Third Circuit has held "pleading upon information and belief [to be] permissible [w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control." *McDermott*, 2016 WL 2893844, at \*4 (quotation marks, citation, and emphasis omitted).

As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## IV. ANALYSIS

The State defendants move to dismiss, arguing that plaintiffs have failed to plead a plausible Eighth Amendment claim for deliberate indifference to decedent's increased risk of suicide or decedent's medical needs. (D.I. 10) They contend that the factual allegations are insufficient to overcome defendants' qualified immunity and do not demonstrate a substantial risk of suicide by decedent or the correctional officers' awareness and deliberate indifference to it. In response, plaintiffs argue that their claim has been plausibly pled and that the law at issue is clearly established.

Government officials performing discretionary functions are generally immune from liability for civil damages when their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). To establish a case that overcomes qualified immunity, a plaintiff must plead facts "showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Mammaro v. New Jersey Div. Of Child Prot. & Permanency*, 2016 WL 683637, at *3 (3d Cir. Feb. 19, 2016). A right is "clearly established" when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *accord In re City of Phila. Litig.,* 49 F.3d 945, 961 (3d Cir.1995).

When a prisoner commits suicide, there is an established due process right action as well as an Eighth Amendment right of action. There is a clearly established "standard of liability to be applied in [the Third Circuit] in prison suicide cases." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (quotations omitted) ("*Colburn II*"). "If custodial officials kn[e]w or should [have] know[n] of the particular vulnerability to suicide of an inmate, then the Fourteenth Amendment imposes on them an obligation not to act with reckless indifference to that vulnerability." *Id.* Similarly, "prison officials violate the Eighth Amendment's proscription of cruel and unusual punishment when they exhibit deliberate indifference to the serious medical needs of prisoners." *Id.* (internal quotation marks omitted). Thus, in order to successfully plead a cognizable constitutional claim in cases of prisoner suicide, the plaintiff "has the burden of

6

establishing three elements: (1) the detainee had a particular vulnerability to suicide, (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers acted with reckless indifference to the detainee's particular vulnerability." *Colburn II*, 946 F.2d at 1023 (quotations omitted). *See also Thomas v. Fayette County*, 2016 WL 3639887, at *12 (W.D. Pa. July 8, 2016); *Wallace v. James T. Vaughn Correctional Center*, 2013 WL 1395878, at *3 (D. Del. April 4, 2013).

Under the first element, plaintiff must show that there was a "strong likelihood, rather than a mere possibility, that self-inflicted harm will occur." *Colburn II,* 946 F.2d at 1024; *see also Wargo v. Schuylkill County*, 348 Fed. App'x. at 759 (M.D. Pa. Oct. 9, 2009). "It is not enough to show that the detainee fits within a category of persons who may be more likely to commit suicide. Instead, in [a] case, [plaintiff] has the burden of demonstrating that [decedent] himself had a particular vulnerability to suicide." *Wargo,* 348 Fed. Appx. at 759. In this case, decedent's recent withdrawal treatment in addition to his indications to multiple officers that he intended to injure himself is sufficient to plausibly demonstrate his particular vulnerability to suicide.

Regarding the second element, plaintiff must show defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that [defendants] drew the inference." *Renee v. Wetzel,* 2016 WL 707486 at *4 (W.D. Pa. Feb. 22, 2016)(*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see also Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003) In this case, plaintiffs have plausibly pled facts sufficient to demonstrate defendants' subjective awareness of decedent's particular vulnerability. Knowledge of decedent's withdrawal and comments by decedent indicating that he may injure himself suffice to

show that prison officials could have drawn an inference that decedent may injure himself. Moreover, although prison officials are not required to believe everything inmates tell them, even when the topic is suicide, it is essential that prison officials seriously consider all comments related to self-injury made by an individual who displays a particular vulnerability to harming himself or herself. *Goetsch v. Ley*, 444 Fed. Appx. 85, 88-89 (7th Cir. 2011); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 753 (5th Cir. 2001).

Under the third element, it must be shown that officers, while aware of the detainee's particular vulnerability to suicide, were recklessly indifferent to the detainee's particularized needs. *Wallace,* 2013 WL 1395878, at *3. Plaintiffs have plausibly pled defendants' reckless indifference to decedent's particular vulnerability to suicide, satisfying this element. Defendants' failure to follow routine housing assignments or to perform timely rounds while being aware of decedent's particular vulnerability to suicide is sufficient to plausibly demonstrate a reckless indifference to decedent's particularized needs.

Therefore, in this case, the constitutional right is clearly established consistent with Third Circuit caselaw. Taking the well-pleaded factual allegations in the complaint as true, the complaint at bar has sufficiently pled a cognizable constitutional claim. The State defendants' motion to dismiss is denied.

8

## V. CONCLUSION

For the foregoing reasons, the State defendants' motion to dismiss (D.I. 9) is denied.  An appropriate order shall issue.